UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOMMY HUY TRAN<br><br>　　　Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, CSC CREDIT SERVICES, INC., & NISSAN MOTOR ACCEPTANCE<br><br>　　　Defendants. | )<br>)<br>)　　Civil Action No. 10-12255<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

## PRELIMINARY STATEMENT

1.	This is an action for damages brought by an individual consumer, Tommy Huy Tran, against Defendants for violations of the Fair Credit Reporting Act ("FCRA") and 15 U.S.C. §§ 1681, *et seq*.

## THE PARTIES

2.	Plaintiff Tommy Huy Tran is an adult individual residing at 61 East Pleasant Street, 2nd Floor, Lawrence, Massachusetts 01841.

3.	Defendant, Equifax Information Services LLC (hereafter "Equifax") is a business entity which regularly conducts business in Massachusetts, and which has a principal place of business located at 1550 Peachtree Street NE, Atlanta, Georgia 30309.

4.	Defendant CSC Credit Services, Inc. ("CSC") is a business entity that regularly conducts business in Massachusetts, and which has a principal place of business at 62 North Sam Houston Parkway East, Houston, Texas 77060.

5.      Defendant Nissan Motor Acceptance Corp. ("Nissan") is a business entity that regularly conducts business in Massachusetts, and which has a principal place of business at 8900 Freeport Parkway, Irving, Texas 75063.

## JURISDICTION & VENUE

6.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

8.      Equifax and CSC have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

9.      The inaccurate information includes, but is not limited to, accounts and/or public records with the Federal Bankruptcy Court of Oklahoma, American Express, Bank of America, Citibank, Capital One, Chase, Chrysler Financial, Discover, First USA, GE Money Bank, HSBC, DSNB, Merrick Bank, Nissan Motor Acceptance, and Target National Bank.

10.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

11.     Equifax and CSC have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

12. Plaintiff has disputed the inaccurate information with Equifax and CSC by both oral and written communications to their representatives and by following Equifax and CSC's established procedures for disputing consumer credit information.

13. Plaintiff has disputed the inaccurate information with Equifax and CSC including but not limited to, from June 2010 through the present.

14. Notwithstanding Plaintiff's efforts, Equifax and CSC have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Equifax and CSC continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Equifax and CSC have repeatedly published and disseminated consumer reports to such third parties from at least January 2010 through the present.

15. Despite Plaintiff's efforts, Equifax and CSC have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any non-furnisher third party that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; or (5) performed any handwriting analysis.

16. Notwithstanding Plaintiff's disputes Nissan has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

17. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations and/or investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

18. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on different occasions. The basis for these denials was the inaccurate information that appears on Plaintiff's credit reports, which was a substantial factor for those denials.

19. Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving different credit offers and opportunities, known and unknown.

20. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress, humiliation and embarrassment.

21. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

22. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – EQUIFAX
## VIOLATIONS OF THE FCRA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Equifax is a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

25. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax is liable to the Plaintiff for engaging in the following conduct:

> (a) willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);
>
> (b) willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);
>
> (c) willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a);
>
> (d) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

 (e) willfully and negligently failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c);

 (f) willfully and negligently failing to timely and properly reinvestigate the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a); and

 (g) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

28. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation.

## COUNT II – CSC
## VIOLATIONS OF THE FCRA

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. At all times pertinent hereto, CSC is a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

31. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

32. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

33. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, CSC is liable to the Plaintiff for engaging in the following conduct:

   (a)   willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

   (b)   willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

   (c)   willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a);

   (d)   willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

   (e)   willfully and negligently failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c);

   (f)   willfully and negligently failing to timely and properly reinvestigate the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a); and

   (g)   willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

34.     The conduct of CSC was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, CSC is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation.

## COUNT III – NISSAN
## VIOLATIONS OF THE FCRA

35.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36.     At all times pertinent hereto Nissan was a "person" as that term defined by 15 U.S.C. § 1681a(b).

37.     Nissan violated sections 1681n and 1681o of the FCRA by engaging in the following conduct:

> (a)     willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed, correct said inaccurate information, or minimally mark it as disputed by the consumer; and
>
> (b)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

38.     Nissan's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Nissan is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

39.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

(e)     An order directing Equifax and CSC to immediately delete all of the inaccurate information from Plaintiff's credit reports and files, and directing Nissan to cease reporting the inaccurate information to any and all persons and entities to whom it reports consumer credit information;

(f)     An order directing that Equifax and CSC send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g)     Such other and further relief as may be necessary, just and proper.

>Respectfully Submitted,
>Attorneys for Plaintiff
>
>*/s/ John Roddy*
>John Roddy
>**RODDY KLEIN & RYAN**
>727 Atlantic Avenue, 2nd Floor
>Boston, MA 02111
>(617) 357-5500 ext. 16
>(617) 357-5030 (facsimile)

9

roddy@roddykleinryan.com

*Of Counsel*
**FRANCIS & MAILMAN, P.C.**
Mark Mailman
Gregory Gorski
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600


Dated: December 29, 2010